UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ANTHONY CIPOLLONE, et al.,

                Plaintiffs,

  -against-

ALLAN APPLESTEIN, et al.,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01614-FB-MMH

*Appearances:*
*For the Plaintiffs*:
MICHAEL LACY
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA 23219

STEPHEN JAY STEINLIGHT
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

*For the Defendants*:
CAROLINE P. GATELY
Venable LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001

NICHOLAS M. DEPALMA
Venable LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

VERNON EUGENE INGE, JR.,
MICHAEL HUGH BRADY and STEPHEN
MATTHEW FARACI, SR.
Whiteford, Taylor & Preston, L.L.P.
1021 East Cary Street
Two James Center
Suite 1700
Richmond, VA 23219

1

**BLOCK, Senior District Judge:**

    **I.      The Motion Before the Court**

Presently before the Court is a motion to remand this case to the Circuit Court of Richmond County (the "Virginia state court,") where plaintiffs Anthony Cipollone and Domenick Cipollone (the "Cipollones") originally brought the case. Defendants Allan Applestein ("Applestein"), Diatomite Corporation of America ("Diatomite"), Howard Kleinhendler ("Kleinhendler") and Benito Fernandez ("Fernandez") (collectively, the "Defendants"), who are former business associates of the Cipollones, oppose on the basis that this case is related to a bankruptcy proceeding pending in United States Bankruptcy Court for the Eastern District of New York (the "New York Bankruptcy Case"). The Court agrees.

The Cipollones' action contains the following claims: (1) fraudulent inducement to contract against Fernandez and Kleinhendler, (2) tortious interference with contract against Applestein and Diatomite, and (3) conspiracy against all Defendants. Principally, the Cipollones allege that the Defendants conspired to curtail recourse provided to the Cipollones in a stockholders' agreement (the "Stockholders' Agreement") through the secret execution of a side agreement (the "Side Agreement"). After the Cipollones filed this action in the Virginia state court, Kleinhendler successfully moved to transfer it to the United States Bankruptcy Court for the Eastern District of Virginia (the "E.D. Va.

2

Bankruptcy Court"), and subsequently to this Court.[1] For the following reasons, the Cipollones' motion to remand or abstain is denied.

## II. Relevant Facts and Background

This case is one of numerous actions arising from a soured business deal made between the Cipollones and Defendants. Litigation stemming from this arrangement is now pending in the United States Bankruptcy Court for the Eastern District of New York ("E.D.N.Y. Bankruptcy Court") and before this Court.[2] The facts and procedural history of this case and those related to it are complicated. Nonetheless, they are summarized here insofar as they relate to the motion to remand to Virginia state court.

Fernandez and Kleinhendler together formed Virginia True Corporation ("Virginia True") to purchase land (the "Property") in Virginia from Diatomite, a corporation owned by Applestein. As part of this purchase, the Cipollones,

---

[1] This case, including the present motion to remand or abstain, was transferred here by the E.D. Va. Bankruptcy Court. Although related to the New York Bankruptcy Case, this case was not transferred to the E.D.N.Y. Bankruptcy Court because it is not a core proceeding. Bankruptcy courts do not have the authority to make rulings in non-core proceedings without the consent of all parties. *See* § 28 U.S.C. 157(c)(1)-(2). There is also a pending motion to dismiss that the E.D. Va. Bankruptcy Court transferred to this Court. It will be addressed by the Court when it is fully briefed and is therefore not now discussed.

[2] There is also litigation stemming from the same business deal in the United States District Court for the Southern District of Florida. Because there are no motions pending before the court in this matter, it is not addressed here.

3

Kleinhendler and Fernandez executed the Stockholders' Agreement for Virginia True on April 27, 2017. This agreement provided that the Cipollones would contribute $5 million to finance the purchase of the Property in exchange for shares in Virginia True, and that they could recover their investment through a buyout provision allowing for the issuance of promissory note to the Cipollones for $5 million secured by a lien on the Property. On the same day that the Stockholders' Agreement was executed, Virginia True used the Cipollones' capital contribution to purchase the Property from Diatomite, as agreed upon by the parties.

     Separately, Virginia True simultaneously executed an unsecured $7 million promissory note via the Side Agreement with Diatomite. They did so allegedly without the consent of or notice to the Cipollones. In the Side Agreement, Virginia True and Diatomite agreed that no liens could encumber the Property without Applestein's consent. This agreement undermined the Cipollones' buyout provision and forms the basis of their claims against Defendants. The Cipollones argue that they never would have contracted with Defendants had they known about the Side Agreement, and that Defendants intentionally concealed the Side Agreement to induce them to contract.

     In 2018, and apparently still without knowledge of the Side Agreement, the Cipollones attempted to exercise their buyout provision. Virginia True then granted them a $5 million promissory note secured by a lien on the Property per the buyout

4

provision. Upon the note's maturity on April 27, 2019, Virginia True did not pay the Cipollones the $5 million it owed them.

On May 3, 2019, Virginia True initiated the New York Bankruptcy Case by filing for chapter 11 bankruptcy in the E.D.N.Y. Bankruptcy Court, and that action remains ongoing. The Cipollones are participants in this action.[3] Separately, on December 3, 2019 and after the New York Bankruptcy Case commenced, the Cipollones filed the present action against Kleinhendler, Fernandez, Diatomite and Applestein in Virginia state court.

### III. Legal Disposition

The Cipollones move to remand under Federal Rule of Bankruptcy Procedure ("FRBP") 9027(d) and 28 U.S.C. § 1452(b), which allows the Court to remand this action on any equitable grounds. They argue that the matter should proceed in Virginia state court since all the claims are Virginia law claims centering on allegations of fraud that are not contingent on Virginia True's bankruptcy, since Virginia True is not a party in this action.

District courts have jurisdiction over actions "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). While the

---

[3] Separately, Applestein and Diatomite have brought suit against Kleinhendler and his law firm for legal malpractice, which is also pending before this Court. That case is not addressed here.

5

Cipollones' claims do not arise under title 11, since they are state law tort claims, they are related to the New York Bankruptcy Case. A civil proceeding is related to a title 11 case if the action's "outcome might have any 'conceivable effect' on the bankruptcy estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). That is the case here. The outcome of the present action may impact the administration of Virginia True's bankruptcy estate. Although the Cipollones brought their case against the individual Defendants and not Virginia True, the bylaws of Virginia True require the indemnification of Kleinhendler and Fernandez for expenses related to this adversary proceeding if they are found to have been acting on behalf of the company. Therefore, this case is related to the New York Bankruptcy Case and it is not remanded to Virginia state court.

Likewise, the Court declines to abstain. The Cipollones argue that even if the Court has jurisdiction, it must abstain from hearing the case under 28 U.S.C. § 1334(c). Six factors must be satisfied to require abstention:

> (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court.

*Fried v. Lehman Bros. Real Estate Associate III, L.P.*, 46 B.R. 706, 711 (S.D.N.Y. 2013).

6

Only the final two factors are disputed by the parties. The Cipollones argue that the final requirement is met because there is no demonstrated backlog in the Virginia state court. While this may be true, this only goes to one of the four considerations used to assess timeliness under § 1334(c)(2). *See Parmalat Capital Finance Ltd. V. Bank of America Corp.*, 639 F. 3d 572, 580 (describing the four factors to determine timeliness under § 1334(c)(2)). At least one of the remaining considerations is not met: whether the state court proceeding would prolong the administration of the bankruptcy estate. *See id.* Because of the close connection between the debtor in the New York Bankruptcy Case and the Defendants in this case, remanding the action to state court could delay the administration of the estate. Therefore, the timeliness prong is not met and mandatory abstention is not required.

A court may also elect to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). The Court declines to do so. Declining to abstain is in the interest of both justice and efficiency, and comity with the Virginia state court is not adversely affected.

The Cipollones' motion to remand or abstain is denied.

## CONCLUSION

The Plaintiffs' Motion to Remand or Abstain is **DENIED**.

**SO ORDERED.**

                                                 /S/ Frederic Block

                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
February 2, 2022

8